UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW WARMUS, | ) | **CASE NO**.: 1:14 CV 1925 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE JOHN ADAMS |
| | ) | |
| CHRISTOPHER LAROSE, Warden, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | **MEMORANDUM OPINION** |

This action is before the Court upon objections filed by Petitioner, Matthew Warmus, asserting error in the Magistrate Judge's Report and Recommendation ("the R&R"). (Doc. #20.) The Court ADOPTS the R&R as to grounds 1; 2; 3; 4; 5; 6; 7; 8; and 10. (Doc. # 19.)  The Court further ADOPTS the recommendation that ground 9 be dismissed, but does so on the merits rather than due to any procedural default. (Doc.#19.)   Accordingly, the Petition is DENIED AND DISMISSED in its entirety.

I.      **FACTUAL AND PROCEDURAL HISTORY**

The Report adequately states the factual background and procedural history of this matter.  Petitioner makes no objection to, and has identified no error in, the Magistrate's Factual and Procedural Background.  The Court will accept the factual and procedural history reflected in the Report as written.

## II.    STANDARD OF REVIEW

Motions made pursuant to 28 U.S.C. § 2254 are governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  AEDPA prescribes a narrow *habeas corpus* remedy only where a State court adjudication has resulted in (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or (2) a "decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d). AEDPA further limits "clearly established Federal law" to those principles "determined by the Supreme Court of the United States."  28 U.S.C. § 2254 (d)(1).  For the purposes of *habeas* review after AEDPA, "clearly established Federal law" refers to the express holdings of the United States Supreme Court "as opposed to the dicta" of that Court's decisions "of the time of the relevant state-court decision."  *Williams v. Taylor*, 529 U.S. 362, 365, 120 S.Ct. 1495 (2000).

When evaluating a § 2254 petition this Court notes that AEDPA and decisional law applying its restrictions have clearly stated that a district court may not "apply its own views of what the law should be" but must issue a writ only where "clearly established federal law" has been applied *unreasonably,* not merely erroneously or incorrectly. *Bailey v. Mitchell*, 271 F.3d 652, 656 (emphasis added).  The Supreme Court reiterates:

> If this standard is difficult to meet, that is because it was meant to be.  As amended by AEDPA, § 2254 (d) stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings.  It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the United States Supreme Court's] precedents.  It goes no further. Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal.

*Harrington v. Richter*, 562 U.S. 86, 102, 131 S.Ct. 770 (2011) (Citations omitted).  The Sixth

Circuit explains:

> A state court decision is 'contrary to' clearly established Federal law 'if the state
> court arrives at a conclusion opposite to that reached by [the U.S. Supreme Court]
> on a question of law,' or 'if the state court confronts facts that are materially
> indistinguishable from a relevant [U.S.] Supreme Court precedent' and arrives at
> a different result. A state court decision is an 'unreasonable application of' clearly
> established Federal law 'if the state court correctly identifies the correct
> governing legal rule from [U.S. Supreme Court's] cases but unreasonably applies
> it to the facts of the particular state prisoner's case.  An 'unreasonable application'
> can also occur where 'the state court either unreasonably extends a legal principle
> from [the U.S. Supreme Court's] precedent to a new context where it should not
> apply or unreasonably refuses to extend that principle to a new context where it
> should apply.

*Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005), internal citations, to *Williams v.*

*Taylor*, 529 U.S. 405–407, omitted.  A petition for relief under 28 U.S.C. § 2254 is subject to the

statute of limitations set forth in 28 U.S.C. § 2244 (d), which requires:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a
> person in custody pursuant to the jurisdiction of a State court.  The limitation period shall
> run from the latest of—
> (A)      the date on which the judgment became final by the conclusion of direct review or
> the expiration of the time for seeking such review;

28 U.S.C. § 2244; *Allen v. Yukins*, 366 F.3d 396, 399 (6th Cir. 2004).

Where, as here, a party files written objections to the report and recommendation issued

by the magistrate judge, this Court "shall make" a *de novo* "determination of those portions of

the record or specified proposed findings or recommendations to which objection is made." 28

U.S.C. §636 (b)(1).  Only those portions of a report and recommendation to which the parties

have made an objection are subject to review; absent an objection, this Court may adopt the

magistrate's report without review. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 145,

106 S.Ct. 466 (1985).   With regard to those portions of the Report and Recommendation under

3

review, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636 (b)(1).

The Magistrate Judge Act (28 U.S.C. § 636 *et seq.*) "does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 907 n. 1 (6th Cir.2000); *see also Clark v. U.S.*, 764 F.3d 653 (6th Cir. 2014) and *Enyart v. Coleman*, 29 F.Supp.3d 1059 (N.D. Ohio 2014), among others. Thus, this Court's review is predicated on a proper objection to the Magistrate's evaluation of the issues presented to the Magistrate. Fed. R. Civ. Pro. 72 (b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.") It is incumbent upon the party seeking relief to file objections "which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections." Fed. R. Civ. Pro. 72 (b)(3). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D.Mich. 2004) citing *U.S. v. Walters*, 638 F.2d. 947, 949-50 (6th Cir. 1981).

## III. LAW AND ANALYSIS

Petitioner originally raised ten grounds for review, however, his objections are directed to eight of the ten grounds; thus this Court adopts, without objection, the portions of the Report and Recommendation that address Petitioner's Eighth and Tenth Claims. Petitioner's remaining objections will be addressed, to the extent necessary, as they were evaluated in the R&R.

**(A)**       **Procedural Default**

Under 28 U.S.C. § 2254, a petitioner may seek a writ of *habeas corpus* only after having

fairly presented all constitutional claims to all appropriate state courts, including the highest state

court, thereby exhausting his state court remedies before seeking federal relief.  28 U.S.C. § 2254

(b), (c).  However, if a petitioner's claim either (1) was not fairly raised before a state court when

state court remedies were available; or (2) was not presented in compliance with a state

procedural rule, and failure to comply with the rule prevents the state court from reaching the

merits of the claim, the claim is procedurally defaulted, and may not be considered by a federal

court.  A petitioner may overcome such a procedural bar only by demonstrating both cause for

the failure to comply and prejudice that would result from the application of the bar.

"Demonstrating cause requires showing that an 'objective factor external to the defense impeded

counsel's efforts to comply' with the state procedural rule."  *Franklin v. Anderson*, 434 F.3d 754,

764 (6th Cir. 2006).  The United States Supreme Court has long held that an ineffective

assistance of counsel claim, absent an identifiable external factor, will not support an exception

to a procedural bar.  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  That Court has further noted,

"without attempting an exhaustive catalog of such objective impediments" that a "showing that

the factual or legal basis for a claim was not reasonably available to counsel, or that 'some

interference by officials,' made compliance impracticable, would constitute cause under this

standard."  *Id.* at 488, internal citations to *Reed v. Ross*, 468 U.S. 1, 16 (1984) and *Brown v.*

*Allen*, 344 U.S. 443, 486 (1953) omitted.

If a petitioner can demonstrate an external cause, the petitioner must then demonstrate

actual prejudice resulting from the alleged error.  *United States v. Frady*, 456 U.S. 452, 170

(1982).  "Demonstrating prejudice requires showing that the trial was infected with constitutional

5

error." *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006).  This presents a significant burden: a petitioner must not "merely" identify an instruction, decision, or occurrence that is "undesirable, erroneous, or even universally condemned" the petitioner must demonstrate that error identified operated to so infect the entire trial that the "resulting conviction violates due process." *Frady*, *supra*, at 169, quoting *Henderson v. Kibbe*, 431 U.S. 145 (1977).

Magistrate Knepp recommends dismissing Petitioner's Fourth; Sixth; and Ninth grounds for relief as procedurally defaulted.  This Court will address each ground:

### (i)      Ground Four: Self Incrimination

Petitioner contends that the "trial court erred by not ensuring Warmus [Petitioner] understood his right against self-incrimination as established by the Fifth Amendment to the United States Constitution." (Petition, ¶ 63, Doc. #1-1, p. 25.)  The State argued, and the Magistrate found, that this claim was barred by the doctrine of *res judicata* when it was not raised in Petitioner's direct appeal.  Petitioner contends that his claim should survive this bar because it is "based primarily on credible evidence outside the record," namely, his affidavit, which Petitioner contends he could not use in a direct appeal.  *Hartman v. Bagley*, 492 F.3d 347, 358 (6th Cir. 2007).  Petitioner further contends that his affidavit is the best evidence because "[n]othing in the record reflects that the court or counsel ever discussed his right not to testify with him" and that he believed he was "compelled" to testify as he was asserting "self-defense." (Petition, ¶ 65.)

Petitioner does not provide a legal basis for his assertion that the trial court should have inquired into his decision to testify to verify that it was voluntary; instead he refers exclusively to long settled case law requiring a court inquire into the voluntariness of the decision to enter a guilty plea.  (Petition, ¶¶ 68 & 69.)  Petitioner further neglects to address the Ohio Supreme

Court decision, *State v. Bey,* 85 Ohio St.3d 487, 709 N.E.2d 484 (1999), cited by the Cuyahoga County Common Pleas Court when rejecting his post-conviction petition. In *Bey* the Ohio Supreme Court rejected an appellant's claim that the trial court should have conducted a *sua sponte* inquiry to determine whether he "knowingly and intelligently waived his right to testify at trial." *Id* at 499.  The *Bey* Court reasoned that such an inquiry is generally "thought to be unnecessary" but may actually be "harmful" because it "interferes with the attorney-client relationship" and "places the judge between the lawyer and his client and can produce confusion as well as delay." *Id.* internal citations omitted.  The *Bey* Court noted that such questioning could "evoke a dramatic change in a previously carefully considered trial strategy" by suggesting the judge's "evaluation of the wisdom of the defendant's decision." *Id.*  According to the Court, such interference by a trial judge is inappropriate, because "[w]hether the defendant is to testify is an important tactical decision as well as a matter of constitutional right." *Id.*  The *Bey* Court concluded "[w]e agree and hold that a trial court is not *required* to conduct an inquiry with the defendant concerning the decision whether to testify in his defense." *Id.* (emphasis in the original).

In addition to ignoring applicable Ohio Supreme Court Precedent, Petitioner never addresses the fact that the record is not silent concerning his Fifth Amendment right.  As both the Magistrate and the Cuyahoga County Common Pleas Court found, the record indicates that Petitioner stipulated prior to trial that he would testify, waiving his Fifth Amendment privilege, with the stated reasons being his intention to avoid any issue of burden shifting and his desire to inquire about self-defense during voir dire. (Report and Recommendation, 11; *State v. Warmus*, Cuyahoga County Common Pleas Case No. 536383 (May 9, 2013), 21, both citing Tr. 194-195; 197; 198.)  This record reflects exactly the type of tactical decision the Ohio Supreme Court was

7

anticipating when it held that a trial court should not insert itself in the decisions of individual defendants to exercise the right to testify.  This record further indicates that Petitioner does not have a genuine legal or factual basis for his Fifth Amendment claim.  Petitioner's objections to the R&R do not address the substantive defects in his Fifth Amendment claim, but instead focus on the Magistrate's conclusion that his affidavit was not credible.  Petitioner erroneously states that the Magistrate concluded his Fifth Amendment claim was procedurally barred due to the self-serving affidavit.  The actual substance of the R&R reflects the Magistrate's conclusion that the self-serving affidavit was not necessary to state his Fifth Amendment claim, as the record itself clearly indicates that the trial court did not question Petitioner directly concerning his decision to testify, and that the issue, regardless of its actual merit, therefore would have been properly raised in his direct appeal.  The Magistrate further found that the Ohio courts reviewing the claim had identified and applied *res judicata* as a genuine procedural bar, thus precluding federal review of the issue.  Petitioner demonstrates no error in the conclusions reached in the R&R, accordingly it is adopted as written as to Ground Four.

      **(ii)**      **Ground Six: *Remmer* Hearing**

The Magistrate recommends a finding that Petitioner's claim that the trial court was required to hold a hearing on a juror's potential bias resulting from having been given a ride to court by the judge presiding over the matter is procedurally barred by Petitioner's failure to request a hearing when informed the ride had occurred.  The Ohio Eighth District Court of Appeals paraphrased the events, as reflected in the trial court record:

> The judge explained on the record that while driving to the courthouse he received a telephone call informing him that an alternate juror was unable to find transportation to the courthouse.  Knowing that the defense was presenting expert witnesses with a very tight window of availability and that one juror was about to give birth to a child, the judge decided to meet the juror and give him a ride to the courthouse.  The judge said that he dropped the juror off in front of the Justice

> Center before proceeding to park his car. . . . The court assured the parties 'at no time did I have any conversation with this juror about any aspect of this case. We didn't mention the trial, no Matthew Warmus or any other witnesses or anything with this case at all.' The court told the parties that 'I will permit you all to think about it and motion it if you wish' and further told them that he would 'permit you to depose the juror at the conclusion of litigation if you wish.' Neither party objected nor did Warmus depose the juror at the end of trial.

*State v. Warmus*, Ohio Eighth District Court of Appeals, pp. 24-25 (the Ohio Supreme Court declined to hear the appeal of this decision). According to the record, this alternate juror was later seated, along with another, when two original jurors were dismissed for differing medical reasons.

The Ohio Appellate court considered these facts in the context of *Remmer v. United States*, 347 U.S. 227, 74 S.Ct. 450 (1954) and concluded that, to satisfy Ohio's long established contemporaneous objection requirement, it was incumbent upon Petitioner to request a hearing when the opportunity arose. *State v. Childs*, 14 Ohio St.2d 56, 236 N.E.2d 545 (1968), paragraph three of the syllabus. In Ohio, "[i]t is a general rule that an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. (Paragraph one of the syllabus of *State v. Glaros*, 170 Ohio St. 471, 116 N.E.2d 379, approved and followed). Where, as here, there is no contemporaneous objection, the complaining party has waived all but a plain error review on appeal. *State v. Lang*, 126 Ohio St.3d 512, 528, 954 N.E.2d 596 (2011) (defense counsel failed to object at trial, and waived all but plain error review, citing *Childs*, *supra*). "An alleged error is plain error only if the error is 'obvious' . . . and 'but for the error, the outcome of the trial clearly would have been otherwise' . . . [n]otice of plain error 'is to be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.' (*Id.* at 528,

internal citations omitted.)  The Ohio Eighth District court concluded there was no obvious error in this matter and declined to find plain error.

The Eighth District noted that the Ohio Fifth District Court of Appeals had reached the same conclusion – that absent an objection, a trial court's decision not to hold a *Remmer* hearing is subject to plain error review – in *State v. Lewers*, Ohio Fifth District Court of Appeals, Stark County, Case No. 2009 CA 289, 2010-Ohio-5336 (November 1, 2010) (appeal not allowed by the Ohio Supreme Court in *State v. Lewers*, 128 Ohio St.3d 1414 (2011)).   In *Lewers*, the Ohio Fifth District rejected a challenge to a Stark County trial court's decision to continue trial without inquiring into potential bias of the remaining jurors after dismissing a juror for cause during trial.  The Stark County Court dismissed the juror after he privately informed the judge that he could no longer be impartial in the matter due to an experience in his private life that caused him to so strongly identify with the victim that he believed he could have been killed the same way.  Thus, in this matter, as in *Lewers*, the Ohio Eighth District Court of Appeals asserted Ohio's contemporaneous objection rule as a bar to a *Remmer* claim and the Ohio Supreme Court declined to accept an appeal of the decision.  The Sixth Circuit Court of Appeals holds that the contemporaneous objection rule is an adequate and independent state ground for dismissing a claim.  *Scott v. Mitchell*, 209 F.3d 854, 866 (6th Cir. 2000), *Keith v. Mitchell*, 455 F.3d 662, 673 (6th Cir. 2006), *inter alia*.

Petitioner makes no attempt to demonstrate the cause and prejudice necessary to overcome this procedural bar to review.  Petitioner's objections to the R&R focus solely on what he perceives as a factual error in referring to the juror given a ride as an "alternate juror" (which accurately describes the juror at the time the ride was given) and his unsupported assertion that a *Remmer* hearing was "mandated."  Petitioner has not identified a defect in the Magistrate's

recommendation or an exception that would allow further federal review of his claim. Accordingly, his objections are overruled; this Court adopts the conclusion reached in the R&R as to Ground Six as written.

### (iii)  Ground Nine: Ineffective Assistance of Counsel

Petitioner contends he received ineffective assistance of trial counsel due to three types of alleged omissions or failures.  Two of the three alleged issues were raised for the first time in Petitioner's motion for post-conviction relief: (1) counsel was ineffective in not realizing the trial court could exclude a computer program Petitioner intended to use to address bullet trajectory and failing to obtain an expert to demonstrate the reliability of the computer program; and (2) counsel failed to use evidence that petitioner was the victim of a prior violent attack.  The Ohio Eighth District Court of Appeals declined to address Petitioner's ineffective assistance of counsel claims on these issues because he could have raised them in his direct appeal and did not do so. The Magistrate recommends a finding that both claims are procedurally defaulted.  In his objections Petitioner does not address his computer program related claims. Accordingly, in the absence of an objection demonstrating that the computer program related allegations of ineffective assistance of counsel are not procedurally defaulted, this Court adopts the R&R as written with regard to the program related ineffective assistance claim.

### (a) Post-conviction relief and material outside the record.

Although the Magistrate recommends a finding that Petitioner's claims concerning a 2007 police report are similarly procedurally barred, it appears from the material submitted by Petitioner that this allegation does rely on material outside the trial court record.  The Sixth Circuit Court of Appeals has found that Ohio law recognizes two variants of res judicata in the context of a petition to vacate under O.R.C. § 2953.23: (1) a petitioner could have, but did not,

present the claim for review in a direct appeal, and (2) the claim was brought, and fully litigated, on direct appeal. *Durr v. Mitchell*, 487 F.3d 423, 434 (6th Cir. 2007) (citing *Lundgren v. Mitchell*, 440 F.3d 754, 765 ftn.2 (6th Cir. 2006)).  In the context of ineffective assistance of counsel allegations, the Ohio Supreme Court recognizes two limited exceptions to the general res judicata bar on such claims in a petition for post-conviction relief.  First, the Ohio Supreme Court has found, where a defendant is represented by the same counsel both at trial and on appeal, ineffectiveness is properly raised in a petition for post-conviction relief, and is not subject to the res judicata bar, whether or not the claim is alleged to rely on evidence outside the record. *State v. Cole*, 2 Ohio St.3d 112, 443 N.E.2d 169, 171 & ftn.1 (Ohio 1982).  The first exception does not apply to Petitioner who had new counsel for his appeal and post-conviction proceedings.  (Petition for Writ of Habeas Corpus, Doc. #1-1, p. 13.)    Second, claims of ineffective assistance of trial counsel that cannot "fairly be determined" without "resort to evidence dehors the record" are properly brought in a post-conviction petition. *State v. Cole*, *supra, syllabus*, 171.  The submission of such evidence may be sufficient to lift the res judicata bar, but only when the petition otherwise meets applicable requirements. *Id.*  For the purposes of reviewing a federal habeas petition, the Sixth Circuit only recognizes State res judicata as a basis for federal procedural default where a claim could have been, but was not, raised in the original appeal as of right. *Durr v. Mitchell*, *supra*, 434.

It appears from this record that the incident report that is the origin of the ineffective assistance of counsel claim first raised in Petitioner's application for post-conviction relief was not placed in the trial court record and the claim therefore could not have been raised in the original appeal.  As such, under *Cole, supra*, it appears the claim was properly raised in the post-conviction proceeding.  It is unclear why the Eighth District Court of Appeals combined this

12

ineffectiveness claim with those correctly raised in Petitioner's original appeal and asserted res judicata as the basis of dismissal for all claims. Thus, although an Ohio court's use of the "doctrine of res judicata to preclude a merits determination of a claim raised in post-conviction proceedings" is generally "an adequate and independent state ground barring federal habeas review," the otherwise applicable bar, contrary to the Magistrate's recommendation, does not appear to apply to petitioner's claims concerning the incident report. *Durr v. Mitchell*, *supra* at 432, citing *Coleman v. Mitchell*, 268 F.3d 417, 429 (6th Cir. 2001) and *Seymour v. Walker*, 224 F.3d 542, 555 (6th Cir. 2000); *Cole, supra*. This Court will consider the portion of Petitioner's ineffective assistance of counsel claim properly raised in his Application for Post-Conviction Relief on the merits, because it appears that the res judicata bar does not apply.

To sustain a request for *habeas* relief it is not enough that Petitioner demonstrate an error of applicable State law – Petitioner must identify "a decision that was contrary to or involved an unreasonable application of clearly established Federal law" or "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254 (d). The federal Sixth Circuit Court of Appeals specifies the situations that meet these stringent standards: (1) "if a state court arrives at a conclusion opposite to that reached by the U.S. Supreme Court on a question of law" or (2) "if a state court confronts facts that are materially indistinguishable from a relevant U.S. Supreme Court precedent and arrives at a different result." *Ruimveld*, *supra* 404 F.3d at 1010. Petitioner's arguments in support of his contention that counsel should be found under the Sixth Amendment to the United States Constitution to have rendered ineffective assistance of counsel are devoid of any reference to clearly established federal law supporting his claim.

To establish the elements of an ineffective assistance of counsel claim, petitioner must satisfy the requirements set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984).  The *Strickland* Court found the "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result."  *Id.* at 686.  To meet this benchmark, Petitioner must satisfy a two part test:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687.  Any court evaluating such a claim must consider "whether counsel's assistance was reasonable considering all the circumstances."  *Id.* at 688.  Judicial scrutiny, however, "must be highly deferential" because "[i]t is all too tempting for a defendant to second guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."  *Id.* at 689.  The Court continues to explain:

> Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' . . . Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. . . The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . .  At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment . . . An error by counsel, even if professionally unreasonable, does not

14

warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.  The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding. . .  It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.  Virtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding.

*Id.* 689–693.  Petitioner falls far short of the mark.

The error or omission identified by Petitioner is trial counsel's decision not to attempt to introduce a 2007 incident report that suggests Petitioner, approximately three years prior to shooting David J. Williams, may have been assaulted by two juveniles and an eighteen-year-old after an "incident on the roadway."  (Petitioner's Application for Post-Conviction Relief, ¶ 40, Doc. #8-2, p.16; Incident Report, Doc. #8-2, p. 63-68.)  Petitioner contends that this report was relevant to his state of mind when he decided to shoot Mr. Williams over a disagreement about the cost of parking and would have bolstered the credibility of his theory of self-defense. Petitioner presents arguments that could have been made to the trial court in support of admitting the report; such arguments in no way demonstrate that the absence of the report made the result of his trial unreliable.

The material offered by Petitioner is not relevant to the elements of the charged offense. Without delving too deeply into an interpretation of State law that the narrow *habeas* remedy prescribed by 28 U.S.C. § 2254 is designed to avoid, Petitioner's argument for the relevance of a three-year-old incident report relies on Ohio Supreme Court cases acknowledging scientific acceptance of battered woman syndrome, defining the home as an area where there is no duty to retreat, and explaining that a jury may be charged to consider expert testimony concerning battered woman syndrome when evaluating the state-of-mind element of Ohio's self-defense test. *State v. Koss*, 49 Ohio St.3d 213 (1990); *State v. Thomas*, 77 Ohio St.3d 323 (1997).  Setting

aside the obvious lack of clearly established federal law in Petitioner's argument, none of the material Petitioner presents suggests that the trial court would have found an unrelated, then three-year-old, incident report concerning an altercation connected with "an incident on the roadway" was relevant and admissible for the purposes Petitioner advances.  (Doc. #8-2, *supra*, p. 63-68.)  Petitioner's ineffective assistance of counsel claim rests unsteadily on numerous assumptions: he assumes the report is relevant; he assumes the report is admissible for his stated purpose; and he assumes the report would be viewed by the jury in a manner favorable to him. This Court's review of the record suggests that evidence that Petitioner began habitually carrying a loaded gun in his trunk after his involvement in an apparent road-rage incident and, as a result, had easy access to the gun he then used to kill the parking lot attendant he first physically assaulted, at best, cuts both ways.  The dubious relevance and admissibility of the report highlight the fact that counsel's election not to use the report is exactly the type of "tactical decision" that *Strickland* dictates must be given "wide latitude" to preserve trial counsel's independence and ability to present a case.  *Strickland*, *supra*, at 689.  Nothing presented by Petitioner suggests that the clearly established Federal law, expressed by the Supreme Court of the United States, necessary to demonstrate a basis for *habeas* relief under 28 U.S.C. § 2254 would in any way support this claim of ineffective assistance of counsel.  Accordingly, the Court adopts the Magistrate's recommendation that this portion of Petitioner's ineffective assistance of counsel claim be dismissed.  However, this dismissal is due to the claim's failure on the merits, rather than a procedural bar.

**(b) Conduct of counsel during trial.**

Petitioner's third, remaining, group of ineffective assistance of counsel claims address counsel's decisions during trial.  Petitioner identifies trial counsel's decision not to request a

*Remmer* hearing and the extent to which counsel's statements in his opening permitted later testimony that a law enforcement officer would not have used lethal force in self-defense in Petitioner's situation as further examples of ineffective assistance.  Petitioner's objections passingly reference the arguments he previously raised, but identify no legal defect or other fault in the Magistrate's analysis and recommendation on these issues.  "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock,* 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3).  Such "general objections" are a duplication of time and effort and a waste of judicial resources, as they do not serve the purposes of Federal Rule of Civil Procedure 72(b).  *Cvijetinovic v. Eberlin*, 617 F.Supp.2d 620, 632 (N.D. Ohio 2008), rev'd on other grounds, 617 F.3d 833 (6th Cir. 2010).  Accordingly, the R&R is adopted as written on these issues.  Thus, Petitioner's ineffective assistance of counsel ground is dismissed in its entirety.

**(B)      Merits Evaluation**

>   **(i)      Grounds One and Two:  The trial court admitted improper opinion evidence as to self-defense and interpretation of audio recordings presented to the jury.**

Petitioner contends that the trial court improperly permitted both law enforcement and lay eyewitnesses to opine on the "reasonableness" of his use of deadly force and his ability to retreat safely without using force.  Petitioner further objects to the fact that the jury heard differing opinions as to statements made by Petitioner during a 911 tape from prosecution and defense witnesses.  With regard to both issues, the R&R finds the reasoning of the Ohio Eighth District Court of Appeals to be sound.  According to the Eighth District, the testimony of lay eyewitnesses who actually observed the shooting was permitted under Ohio Evid. R. 701, which

allows opinion testimony that is "(1) rationally based on the perception of the witness and (2) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." With regard to the opinions elicited from law enforcement, the reviewing court found that the officer testified specifically to whether, in his opinion, a police officer could use deadly force under similar circumstances.  Petitioner himself made the possible response of an officer to similar circumstances an issue by asserting that he responded to the alleged threat "just as a police officer would have responded."  (Doc. 8-1, Ex. 10.)  Both evaluations were made by applying Ohio law as to Ohio evidentiary rules.

Although Petitioner cites generally to due process principles, both the arguments presented in his Traverse, and his "Objections" to the R&R (which are substantively a restatement of his Traverse), are devoid of the necessary violation of "clearly established Federal law" or "unreasonable determination of the facts in light of the evidence presented" necessary to sustain *habeas* relief under AEDPA. 28 U.S.C. § 2254(d).  "Clearly established Federal law" in this context refers to the express holdings of the United States Supreme Court "as opposed to the dicta;" this Court is constrained to issue a writ only where such law has been "applied *unreasonably,* not merely erroneously or incorrectly." *Williams v. Taylor*, *supra* at 365; *Bailey v. Mitchell*, *supra* at 656 (emphasis added).  Petitioner has made no such showing.  The materials offered in support of his First and Second Grounds omit any reference to an unreasonable application of federal law or similar determination of facts in light of the evidence presented.

Much as Petitioner has ignored the requirements of AEDPA in choosing and framing his arguments, he has similarly ignored Fed. R. Civ. Pro. 72 (b)(3), which requires him to "specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections," in making his objections.  In lieu of

18

specifically identifying an error of fact or law in the proposed findings and recommendations, Petitioner has elected to recycle the arguments made in his Petition and Traverse.  As such his "objections" which do "nothing more than state a disagreement with a magistrate's suggested resolution or simply [summarize] what has been presented before" are not objections "as that term is used in this context." *Aldrich v. Bock*, *supra* at 747 citing *U.S. v. Walters*, *supra* at 949-50.  Thus, in the absence of a cognizable claim for relief in *habeas*\and without a substantive objection to the R&R Petitioner's First and Second Grounds for relief are overruled in their entirety. The R&R is adopted as written as to Petitioner's First and Second grounds.

### (ii)    Ground Three: Prosecutorial Misconduct

Petitioner identifies six acts of the prosecutor alleged to be misconduct in his Petition.  Although it appeared that four of the six arguments may have been procedurally defaulted, the Magistrate, in an abundance of caution, declined to recommend a default finding because the Ohio Eight District Court of Appeals did not clearly state why it passed on the issues.  The R&R addresses all six of Petitioner's misconduct arguments on the merits, and finds that none of the remarks made by the prosecutor were so egregious as to render Petitioner's trial fundamentally unfair.  Petitioner's objections do not address the recommendation in the R&R as to five of the six instances of alleged misconduct.  Thus, in the absence of an objection, this Court will adopt the R&R as written as to the five alleged instances Petitioner does not address in his Objections.

With regard to the remaining allegation, Petitioner renews his contention that the prosecutor engaged in misconduct when suggesting that Petitioner was illegally transporting his loaded firearm before he used it to shoot Mr. Williams, but fails to identify a legal or factual error in the Magistrate's conclusion that any actual error did not render the trial fundamentally

unfair.  Petitioner's "objection" on this ground is a simple disagreement with the Magistrate's conclusion devoid of independent legal or factual basis.  As such, the objection offers no meaningful ground on which to reject the Magistrate's conclusion.  *Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D.Mich. 2004) citing *U.S. v. Walters*, 638 F.2d. 947, 949-50 (6th Cir. 1981).  In the absence of a properly framed objection, the Magistrate's recommendation as to Petitioner's prosecutorial misconduct arguments is adopted in its entirety.  The arguments are without merit and overruled as such.

      **(iii)**     **Ground Five: The burden of proof for self-defense in Ohio is Unconstitutional.**

The Magistrate found that Petitioner's argument that O.R.C. § 2901.05, which places the burden of proof for self-defense on the individual asserting the defense, violates the Second and Fifth Amendments to the United States Constitution has no basis in clearly established Federal Law and recommends that Petitioner's Fifth Ground be overruled on the Merits.  28 U.S.C. § 2254 (d)(1).  Petitioner's "objection" to the Magistrate's recommendation merely restates the arguments presented in the Petition and the Transverse, verbatim.  Petitioner's recycled argument is based on a mistaken interpretation of *District of Columbia v. Heller*, 554 U.S. 570, 128 S.Ct. 2783 (2008) that has no application to this matter.  As the Magistrate indicated, the United States Supreme Court upheld Ohio's self-defense burden in *Martin v. Ohio*, 480 U.S. 228, 107 S.Ct. 1098 (1987), nothing in *Heller*, which addresses the limits of a municipality's ability to regulate the right to bear arms, alters the earlier finding.  In the absence of any error of fact or law reflected in the Magistrate's R&R, the recommendation as to Petitioner's Fifth Ground is adopted in its entirety; Petitioner's Fifth Ground for relief is without merit and is overruled as such.

(iv)      **Ground Seven:  The trial court improperly restricted cross examination.**

Petitioner argues that he should have been allowed to re-introduce material addressed during the suppression hearing through cross examination of law enforcement witnesses at trial. At trial the court informed defense counsel that his question, as phrased, impermissibly mischaracterized prior testimony and gave counsel the opportunity to rephrase.  Ultimately defense counsel was not permitted to introduce facts not in evidence concerning a second gun at the scene.  On appeal the Ohio Eighth District Court of Appeals found the trial court's decision to restrict questioning to those facts in evidence was not an abuse of discretion and was properly calculated to avoid confusing the jury by "interjecting facts not in the record."  (Doc. 8-1, Ex. 10.)  The Eighth District characterized additional questioning by defense counsel of a second witness as "misleading and arguably intended to confuse the jury on issues that were not relevant."  *Id.*  The reviewing court concluded in both instances that Petitioner could show no prejudice resulting from the trial court's decision to restrict questioning to relevant issues within the scope of facts actually reflected in the record.  The R&R echoes the state appellate court's conclusion, emphasizing the fact that during trial no witness testified that the victim had a gun out and thus there was no fact in the record that supported an assumption that the victim had a gun out, as well as the court's conclusion that defense counsel's questioning in both instances was designed to confuse the jury as to the relevant issues in evidence.

Petitioner identifies no defect of law or fact in the R&R, but instead reproduces verbatim the arguments presented in his Traverse.  Thus, once again, in the absence of a properly framed objection identifying an actual error of fact or law, Petitioner has not stated an objection to the decision as contemplated by Fed. R. Civ. Pro. 72 (b)(3).  "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution or simply summarizes

21

what has been presented before, is not an 'objection' as that term is used in this context."
*Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D.Mich. 2004) citing *U.S. v. Walters*, 638 F.2d. 947,
949-50 (6th Cir. 1981).  Accordingly, Petitioner's objections as to ground seven are overruled,
the R&R is adopted as written with regard to this ground.

## IV.    CONCLUSION

Petitioner's objections are OVERRULED.  The R&R is adopted as written on grounds 1;
2; 3; 4; 5; 6; 7; 8; and 10; the recommendation of dismissal is further adopted as to ground 9.
The petition is hereby DENIED AND DISMISSED in its entirety. The Court certifies, pursuant
to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.
There is no basis on which to issue a certificate of appealability.  Fed. R. App. P. 22(b); 28
U.S.C. § 2253(c).

**IT IS SO ORDERED**.


*/s/ John R. Adams*
**U.S. DISTRICT COURT JUDGE**
**NORTHERN DISTRICT OF OHIO**

Dated: January 27, 2017.